

No. 23-1686
(Filed: April 3, 2024)

```
*****************************************
THOMAS L. KEHMEIER,                      *
                                         *
                   Plaintiff,            *
                                         *
      v.                                 *
                                         *
THE UNITED STATES,                       *
                                         *
                   Defendant.            *
*****************************************
```

*Thomas L. Kehmeier*, Peoria, AZ, proceeding *pro se*.

*Michael T. Collins*, U.S. Department of Justice, Tax Division, Washington, DC, counsel for Defendant.

**OPINION AND ORDER**

**DIETZ, Judge.**

      Thomas L. Kehmeier, proceeding *pro se*, seeks to recover money from the United States that he alleges was erroneously withheld by his employer and paid to the government to satisfy his income tax liabilities. Before the Court is the government's motion to dismiss his complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") and for failure to state a claim under RCFC 12(b)(6). For the reasons stated below, the Court **GRANTS** the government's motion to dismiss.

**I.    BACKGROUND**

      Thomas L. Kehmeier was employed by Atlas Air, Inc. ("Atlas") in 2022; he received $285,703.86 in compensation that year. Compl. [ECF 1] ¶ 2; [ECF 1-1] at 4, 7, 9.[1] According to Mr. Kehmeier, Atlas erroneously withheld $62,694.68 from his income for the 2022 tax year and paid it to the United States Treasury. [ECF 1] ¶ 2. He further states that $264,344.96 of his 2022 income was nontaxable. [ECF 1-1] at 7. Mr. Kehmeier filed a Form 1040 on April 6, 2023, claiming that he only had a taxable income of $21,358.90 for the 2022 tax year, [ECF 1-1] at 2, 5, and requesting an individual income tax refund of $3,715, *id.* at 6. On May 12, 2023, the Internal Revenue Service ("IRS") issued Mr. Kehmeier a $3,715 tax refund, [ECF 1] ¶ 3, but did not refund his withheld income, *id.* ¶ 6.

---

[1] All page numbers in the parties' filings refer to the page numbers generated by the CM/ECF system.

On August 14, 2023, Mr. Kehmeier sent a "Notice and Demand Letter" to the IRS, setting a deadline for the government to return his withheld income of $62,694.68. [ECF 1] ¶ 5. As of September 27, 2023, the date of his complaint, the IRS had not responded to his letter. *Id.* ¶ 6. Mr. Kehmeier seeks "restitution . . . in the amount of $62,694.68." *Id.* ¶ 7. On December 1, 2023, the government moved to dismiss his complaint for lack of subject matter jurisdiction under RCFC 12(b)(1) and for failure to state a claim under RCFC 12(b)(6). Def.'s Mot. to Dismiss [ECF 9]. The government's motion is fully briefed, *see* [ECFs 10, 11], and the Court decided that oral argument is not needed.

## II. LEGAL STANDARDS

The United States Court of Federal Claims has limited jurisdiction. *Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000). The Tucker Act limits this court's jurisdiction to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2018). The Tucker Act "does not create a substantive cause of action" but rather requires the plaintiff to "identify a substantive source of law that creates the right to recover money damages against the United States." *Rick's Mushroom Serv. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008).

When considering a RCFC 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). The plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) (citations omitted); *see also O. Ahlborg & Sons, Inc. v. United States*, 74 Fed. Cl. 178, 188 (2006) (citing *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993)). When the defendant controverts the plaintiff's jurisdictional allegations, "the court may consider evidence outside the pleadings to resolve the issue." *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996). Jurisdiction is a threshold issue the court must address before proceeding to the merits of the case. *See Remote Diagnostic Techs. LLC v. United States*, 133 Fed. Cl. 198, 202 (2017) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*; *see also Twombly*, 550 U.S. at 555 (requiring a pleading to offer "more than labels and conclusions"). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Rather, a plaintiff must plead sufficient factual matter to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Complaints filed by *pro se* plaintiffs, "'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, a *pro se* plaintiff is not excused or exempt from meeting the Court's jurisdictional requirements. *See Rolle v. United States*, 136 Fed. Cl. 140, 144 (2018) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *see also Henke*, 60 F.3d at 799. Further, a *pro se* plaintiff must still present facts which form the basis of a valid claim. *See Hutchens v. United States*, 89 Fed. Cl. 553, 560 (2009) (citing *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002)).

### III.   DISCUSSION

The government argues that this Court lacks jurisdiction over Mr. Kehmeier's complaint because he "failed to file an administrative refund claim with the [IRS], as required by [Internal Revenue Code ("IRC")] (26 U.S.C.) § 7422(a)." [ECF 9] at 5. The government also argues that Mr. Kehmeier must establish the required elements of an implied contract to prove the existence of a contract and that he has failed to sufficiently allege any of them. *Id.* at 14. In response, Mr. Kehmeier contends that he does not seek a tax refund, Pl.'s Resp. [ECF 10] at 7, but instead asserts a claim for breach of implied contract, *id.* at 8. Thus, he argues that "there is no administrative procedure for [him] to follow in recovering" his erroneously withheld income. *Id*. He further contends that he is not required to establish the elements of an implied contract given the nature of the implied contract at issue. *Id.* at 9. The Court finds that it lacks subject matter jurisdiction over Mr. Kehmeier's complaint because he does in fact seek a tax refund, and because he has not filed the requisite administrative tax refund claim. Additionally, the Court finds that Mr. Kehmeier has not plausibly stated a claim for breach of an implied contract.

#### A.   The Court Lacks Jurisdiction Over Mr. Kehmeier's Complaint

Mr. Kehmeier asserts that his claim is for breach of an implied contract, not for a tax refund. [ECF 10] at 9. In support of this assertion, he relies primarily on the United States Court of Claims' decision in *Kirkendall v. United States*, 31 F. Supp. 766 (Ct. Cl. 1940). There, the Court of Claims held that "[w]hen the Government has illegally received money which is the property of an innocent citizen and when this money has gone into the Treasury of the United States, there arises an implied contract on the part of the Government to make restitution to the rightful owner under the Tucker Act." *Id.* at 769. Mr. Kehmeier analogizes his situation to the plaintiff in *Kirkendall*, arguing that he, too, is "a nontaxpayer, outside the scope and jurisdiction of the revenue laws." [ECF 10] at 8. Despite his assertions, the Court finds that Mr. Kehmeier is a taxpayer who seeks a refund of his own income tax, and that the Court lacks jurisdiction over his complaint because he failed to file an administrative tax refund claim with the IRS.

In *Kirkendall*, the plaintiff sought to recover money that was confiscated by the Chicago police and later used by the government to satisfy the tax debt of a third party. 31 F. Supp. at 769. The plaintiff sued the government to recover the money under an implied contract theory. *Id.* at 768. The Court of Claims found that the government had "in its possession money to which it [was] not entitled and which [had] been wrongfully obtained from the plaintiff" and that there was "an implied contract on the part of the [g]overnment to make restitution to the rightful

3

owner." *Id.* at 769. In reaching this conclusion, the court rejected the government's argument that an administrative tax refund claim was necessary, stating that "a refund claim is an appropriate action under the revenue statutes to recover money paid as taxes when made by the party who paid the tax." *Id.* The court further found that, since the plaintiff in *Kirkendall* had not paid taxes nor had taxes assessed against her, she did not need to file an administrative tax refund claim. *Id.*

The Court of Claims reaffirmed this principle in *Economy Plumbing & Heating Co. v. United States*, a case where the plaintiffs sought recovery of funds that had been paid to the IRS to satisfy the tax obligations of a third-party. 470 F.2d 585, 590 (Ct. Cl. 1972). In *Economy*, the court held that "a nontaxpayer is outside the administrative set up for the collection of a refund of overpaid taxes, and is not required to file a claim for refund to recover money taken from him to pay the taxes of *another*." *Id.* at 589-90 (emphasis added). The court defined a "nontaxpayer" as a person who does not possess the necessary requisites of a taxpayer, a person who pays, overpays, or is subject to pay his own personal income tax. *See id.* at 590 n.3; *see also Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023) (citing *Econ.*, 470 F.2d at 590 n.3). "In other words, to be a 'taxpayer' for refund purposes, a party must be the one against whom the tax liability was assessed." *Roman*, 61 F.4th at 1370.

Further, the IRC provides that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed." IRC § 7422(a). "[I]n the case of an overpayment of income taxes for a taxable year of an individual for which a Form 1040 . . . has been filed, a claim for refund shall be made on Form 1040X." Treas. Reg. § 301.6402-3(a)(2). And "[i]f a particular form is prescribed on which the claim must be made, then the claim must be made on the form so prescribed." Treas. Reg. § 301.6402-2(c).

Here, unlike the plaintiffs in *Kirkendall* or *Economy*, Mr. Kehmeier does not seek recovery of an amount remitted to the IRS to satisfy a third party's tax obligations. Mr. Kehmeier's employer withheld a portion of his income to satisfy *his* income tax liability. [ECF 1] ¶ 2. In other words, because Mr. Kehmeier is the party against whom the tax liability was assessed, he is properly treated as a taxpayer seeking a refund of his allegedly erroneously withheld income. *Cf. Roman*, 61 F.4th at 1372 (holding that appellant was not a taxpayer "because he was not the person against whom the tax liability was assessed."); *see also Dennis v. United States*, 976 F.2d 748, at *2 (Fed. Cir. 1992) (unpublished table decision) (holding that, to the extent that a remedy under an implied-in-fact contract theory exists, it is "available only to those who have not been assessed a tax") (citing *Econ.*, 470 F.2d at 589-90). Also, Mr. Kehmeier failed to file a refund claim with the IRS for the amount he seeks in his complaint. *See* [ECF 1]. He only filed a Form 1040, under which he sought and received a refund of $3,715. He did not file a Form 1040X requesting a refund of the $62,694.68 he now alleges he is owed. Additionally, even if Mr. Kehmeier's letter to the Secretary could be construed as an informal amended return, it was not "perfected by a technically compliant . . . filing." *Dixon v. United States*, 67 F.4th 1156, 1168 (Fed. Cir. 2023); *see also* [ECF 1] (lacking a statement indicating that a Form 1040X was filed). Because Mr. Kehmeier did not exhaust the IRC's administrative requirements, the Court does not have jurisdiction over his complaint. *See* IRC § 7422(a); *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 7 (2008) (holding that plaintiffs may not

bring suit in court to recover internal revenue tax or sum alleged to have been wrongfully collected because they did not file a refund claim with the IRS).

### B.      Mr. Kehmeier Does Not State a Claim for Breach of An Implied Contract

Even if the Court were to view Mr. Kehmeier's complaint as raising a claim for breach of an implied contract, the Court would dismiss it because it does not allege sufficient facts to plausibly state such a claim.[2] An implied-in-fact contract requires "proof of (1) mutuality of intent, (2) consideration, (3) an unambiguous offer and acceptance, and (4) actual authority on the part of the government's representative to bind the government in contract." *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012) (internal quotation marks omitted). Mutuality of intent and an unambiguous offer and acceptance are intertwined. *See Anderson v. United States*, 344 F.3d 1343, 1353 (Fed. Cir. 2003) ("To satisfy its burden to prove such a mutuality of intent, a plaintiff must show, by objective evidence, the existence of an offer and a reciprocal acceptance.") (citing *Est. of Bogley v. United States*, 514 F.2d 1027, 1032 (Ct. Cl. 1975)). Mr. Kehmeier's complaint does not contain any facts that plausibly suggest mutuality of intent or an unambiguous offer and acceptance.[3]

Perhaps acknowledging that the facts do not establish an implied-in-fact contract, Mr. Kehmeier contends that "the type of implied contract that this court referred to in *Kirkendall*, [] and *Economy*, [] only involves the elements of natural justice, equity and honesty," [ECF 10] at 9, and therefore, the Court should not rigidly apply the four elements of an implied-in-fact contract. In *Roman*, the Federal Circuit explained that "a party who pays a tax for which he is not liable may sue to recover that tax if it was paid under duress because the duress creates an implied in fact contract." 61 F.4th at 1371 (internal quotation marks and citations omitted). "Duress," the court added, "is a fact-specific inquiry; it requires (1) involuntary acceptance, with (2) no alternative, and (3) coercive acts by the government." *Id.* at 1372. Here, however, Mr. Kehmeier does not allege duress and his alleged facts do not plausibly evince any duress. Further, Mr. Kehmeier's complaint does not allege any coercive acts by the government. *See* [ECF 1]. Rather, the complaint alleges only that the government sent Mr. Kehmeier a tax refund based on his Form 1040, *id.* ¶ 3, and failed to return the allegedly erroneously withheld income for which he did not file a proper administrative tax refund claim, *id.* ¶ 4. Accordingly, Mr. Kehmeier has not sufficiently alleged a breach of implied contract based on duress.

---

[2] Mr. Kehmeier does not specify whether he alleges an implied-in-fact or implied-in-law contract. An implied-in-law contract differs from an implied-in-fact contract because it is "a contract in which there is no actual agreement between the parties, but the law imposes a duty in order to prevent injustice." *Int'l Data Prods. Corp. v. United States*, 492 F.3d 1317, 1325 (Fed. Cir. 2007). Nevertheless, it is well-established that this Court does not have jurisdiction over implied-in-law contracts. *Id.* (citing 28 U.S.C. § 1491(a)(1) (2000)); *Lumbermens Mut. Cas. Co. v. United States*, 654 F.3d 1305, 1316 (Fed. Cir. 2011).

[3] Although the common law may recognize acceptance of a contract by silence, *see Restatement (Second) of Contracts* § 69 (1981) ("*Restatement*"), acceptance by silence is rare. *See Bedell v. United States*, No. 15-374C, 2015 WL 3823946, at *5 (Fed. Cl. June 18, 2015) (rejecting existence of contract based on alleged acceptance by silence because "[t]he general rule regarding contract formation is that 'silence does not, except in unusual circumstances . . . constitute acceptance of an offer to enter into a contract'") (quoting *Shennard v. United States*, No. 11-295C, 2011 WL 6370078, at *5 (Fed. Cl. Dec. 20, 2011)). Furthermore, Mr. Kehmeier does not allege acceptance by silence nor do his alleged facts plausibly suggest the unusual circumstances where acceptance by silence may be recognized. *See Restatement* § 69 (1981); *see also Bedell*, 2015 WL 3823946, at *5.

## IV. CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [ECF 9], is **GRANTED**, and Mr. Kehmeier's complaint is **DISMISSED WITHOUT PREJUDICE**. Mr. Kehmeier's motion to amend or correct the docket, [ECF 6], to categorize his case as a tax refund case and the government's motion for an extension of time, [ECF 7], are **DENIED AS MOOT**. The Clerk is directed to enter judgment.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge